IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2012

**STATE OF TENNESSEE v. ERICKA BARFIELD**

**Appeal from the Circuit Court for Sevier County**
**No. 14111-III     Rex Henry Ogle, Judge**

_____

**No. E2011-02686-CCA-R3-CD - Filed August 10, 2012**

_____

The defendant, Ericka Barfield, appeals the Sevier County Circuit Court's revocation of her probation and order that she serve the remainder of her sentence in confinement. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Amber D. Haas, Assistant District Public Defender, for the appellant, Ericka Barfield.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; James B. Dunn, District Attorney General; and Barry A. Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2009, the Sevier County grand jury charged the defendant with one count of the sale of oxycodone, a Schedule II controlled substance, and one count of the delivery of oxycodone. In August of that year, the defendant pleaded guilty to the sale of oxycodone in exchange for a sentence of four years, the balance of which, minus the time the defendant had already served in jail, was to be served on supervised probation. The terms of her probationary sentence required the defendant to obtain treatment for her drug and alcohol addiction as well as pay $80 restitution and a $2,000 fine.

On September 13, 2011, the court issued a probation violation warrant, which contained allegations that the defendant had violated the terms of her probationary sentence

by driving to the probation supervision office despite her driver's license being suspended, by failing to maintain employment, by leaving the state without permission, by testing positive for the use of oxycodone, and by failing to pay the costs of her probation supervision.

At the revocation hearing, the defendant's probation officer testified that the defendant had traveled to South Carolina without permission and that the defendant admitted using oxycodone. She stated that the defendant had tested positive for the use of the drug. The probation officer said that she told the defendant to attend an appointment with a "forensic social worker" within the month. She also increased the defendant's reporting requirement from once a month to once a week and forbade the defendant from leaving the county. Despite the probation officer's edict, the defendant again traveled to South Carolina two weeks later. In addition, the defendant failed to keep her appointment with the forensic social worker.

The defendant admitted traveling to South Carolina without permission and that she did so even after her probation officer forbade it, saying that she took her children to see their father. The defendant also admitted that she had used oxycodone, claiming that she had a prescription for the drug to treat her recurrent back pain. The defendant did not produce the prescription at the hearing. When pressed by the court, the defendant claimed that the prescription was "too old" to be valid.

Based on this evidence, the trial court found that the defendant violated the terms of her probation by failing to report, by leaving the state without permission, by using oxycodone, and by failing to follow the instructions of the probation officer "as it relates to further drug treatment." The court also found that the defendant "intentionally lied here this morning about the use of the OxyContin. She doesn't have any prescription." The court ordered the defendant to serve the balance of her sentence in confinement.

In this appeal, the defendant acknowledges that her "infractions were, to the letter of probation, violations of the terms of probation," but she nevertheless argues that the trial court abused its discretion by revoking her probation and ordering her to serve the balance of her sentence in confinement.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Terry Phelps*, 329 S.W.3d 436, 443 (Tenn.

2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311 1(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

As indicated, the defendant concedes that she violated the terms of her probation by traveling out of state without permission and in direct defiance of her probation officer and by taking a narcotic drug, but she argues that the trial court should not have revoked her probation and ordered execution of her sentence on the basis of what she deems to be minor infractions. The record, which establishes that the defendant wilfully and knowingly violated the terms of her probation, fully supports the decision of the trial court.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE